Rodoberto EWES, Appellant.

v.

The STATE of Texas, Appellee.

Nos. 05-91-00042-CR, 05-91-00043-CR.

Court of Appeals of Texas,
Dallas.

July 30, 1992.

Rehearing Denied Oct. 1, 1992.

Discretionary Review Refused
Jan. 20, 1993.

James T. Jeffrey, Jr., Remington & Jeffrey, P.C., Arlington, Tony Korioth, Law

Office of Tony Korioth, Austin, for appellant.

Edward H. Moore, Law Offices of Windle Turley, David Rodriguez Weiner, Law Offices of Windle Turley, P.C., Dallas, for appellee.

Before CHAPMAN, STEWART and ROSENBERG, JJ.

## OPINION

CHAPMAN, Justice.

Rodoberto Ewes appeals two convictions for unlawful delivery of a controlled substance. A jury found appellant guilty and found an enhancement paragraph in each indictment to be true. Appellant was sentenced to twenty-five years' confinement in cause number F90–04398–PK and forty years' confinement in cause number F90–04546–QK. In one point of error, appellant contends that the trial court erred by allowing into evidence testimony regarding the number of deaths in Dallas County that are related to the drug trade. We reverse and remand concerning punishment only.

## RELEVANT FACTS

At the punishment stage of trial, the State sought to offer the testimony of Sergeant Clinton David McCoy of the Dallas Police Department. Sergeant McCoy testified about his background as a twenty-year veteran of the police department. He detailed his training and accomplishments in the field of narcotics investigation. He also described the procedures for processing cocaine and the level of its distribution in Dallas County. Sergeant McCoy testified before the jury as follows:

PROSECUTOR: Are you familiar with the use of weapons in the cocaine drug trade in Dallas County?

McCOY: Yes, I am.

PROSECUTOR: Is that one?

McCOY: Yes.

PROSECUTOR: Are you familiar with the number or the percentage of drug trade-related shooting [sic] in Dallas County?

McCOY: Our Homicide Division roughly estimates that over fifty percent of all the homicides in Dallas are drug-related.

Appellant objected on the ground that the evidence was not relevant, that the prejudicial effect outweighed its probative value, that Sergeant McCoy was not a qualified expert, and that his testimony was speculative. The trial court overruled the objections.

## LAW

Article 37.07, section 3(a), of the Texas Code of Criminal Procedure provides:

Regardless of the plea and whether the punishment be assessed by the judge or jury, evidence may, as permitted by the Rules of Evidence, be offered by the State and the defendant *as to any matter the court deems relevant to sentencing....*

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1992) (emphasis added).

■ Relevant evidence is defined as "evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R.CRIM.EVID. 401. All relevant evidence is admissible, except as provided by constitution, statute, rules of evidence, or other rules prescribed pursuant to statutory authority. TEX. R.CRIM.EVID. 402. Courts may exclude relevant evidence if the danger of unfair prejudice substantially outweighs its probative value. TEX.R.CRIM.EVID. 403. Rule 403 favors the admission of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex.Crim.App.1990) (op. on reh'g).

## APPELLANT'S CONTENTION

■ Appellant complains that the State's question before the jury to Officer McCoy tied drugs to homicides and shooting deaths. In doing so, appellant argues, the State was relating appellant's offenses to other more serious offenses. Appellant complains that the homicides to which the prosecution sought to link appellant were

not offenses in any way related to appellant's activities. Appellant argues that such questioning encouraged the jury to assess punishment for collateral crimes and to punish appellant for acts for which he was not on trial. He complains that he was harmed because, although his offense involved the receipt of only $40 for four "caps" of cocaine, his punishment was excessive.

## STATE'S CONTENTION

■ The State argues that the evidence of drug-related homicides was relevant in that it tended to show the danger that an armed drug dealer such as appellant can present to the community. The jury found that appellant was armed with a deadly weapon during the commission of one of the offenses. The State contends that the relevance of this evidence in aiding the jury's perception of the drug trade, in which appellant was proven to be a participant, was not outweighed by any possible unfair prejudice to appellant. *See Gallardo v. State,* 809 S.W.2d 540, 542–43 (Tex. App.—San Antonio 1991, pet. granted). The State contends that appellant waived error because he failed to object to the evidence on the specific ground that it constituted an "extraneous" offense.

## APPLICATION OF THE LAW TO THE FACTS

We hold that appellant's objection that the prejudicial effect of the evidence outweighs its probative value was sufficient to call the trial court's attention to the error and that there was no waiver. We further hold that the trial court erred in admitting the evidence because its probative value was substantially outweighed by the danger of unfair prejudice and its admission tended to confuse the punishment issues before the jury.[1] TEX.R.CRIM.EVID. 403. Because we have determined that there was error, we now conduct a harm analysis.

## HARM ANALYSIS

■ We do not determine whether the error is harmful simply by examining the evidence to see whether it overwhelmingly supports appellant's guilt. We examine the source of the error, the nature of the error, whether or to what extent the State emphasized it, and its probable collateral implications. *See Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App.1989). We consider how much weight a juror would probably place upon the error. We determine whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris,* 790 S.W.2d at 587. We focus not on the weight of the other evidence of guilt, but rather on whether the error prejudiced the jurors' decision-making process. We do not ask whether the jury reached the correct result, but rather whether the jurors were able properly to apply the law to the facts to reach their decision. We focus on the process and not on the result. *Harris,* 790 S.W.2d at 587–88; *see Grunsfeld v. State,* 813 S.W.2d 158, 172 (Tex.App.—Dallas 1991, pet. granted).

■ The State contends that any error caused by the admission of the evidence is harmless beyond a reasonable doubt. The record reflects that a pen packet and judgment were introduced showing that appellant had been previously convicted of unlawfully carrying a weapon. The State emphasized McCoy's testimony in its punishment argument. The State contends that this argument was in answer both to appellant's argument that "the prosecutor is trying to poison your mind with these 'drug-related homicide statistics'" and to other derogatory remarks made by the defense concerning McCoy's testimony. However, it is apparent that these remarks were made by the defense in response to Sergeant McCoy's testimony. *Cf. Drew v. State,* 777 S.W.2d 74, 76 (Tex.Crim.App. 1989) (defendant does not "open the door"

---

1. In the brief fourteen months this author has served on this Court, we have read several records in which this same witness has testified in a similar vein. Lately, the testimony has become more detailed and far-reaching regarding, as the prosecutor herein referred to it in his punishment argument, the "drug world." Such testimony and argument have no relevance whatsoever to the facts of this case and are improper.

to extraneous conduct evidence admitted before defendant gave evidence that would otherwise "open the door").

The jury found the enhancement paragraph to be true. Based on a potential maximum sentence of ninety-nine years' or life confinement and a $10,000 fine, the jury assessed appellant's punishment at twenty-five years' confinement for cause number F90–04398–PK and forty years' confinement for cause number F90–04546–QK. No fine was assessed for either offense. The jury had previously found that appellant used or exhibited a deadly weapon during the commission of one of the offenses.

We cannot say that the jury was not influenced by the evidence admitted, nor can we say that the error did not contribute to appellant's punishment beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2). We sustain appellant's point of error. The judgments of the trial court are reversed and remanded concerning punishment only.