**Evert RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44636.**

Court of Criminal Appeals of Texas.

Feb. 16, 1972.

Glen A. Barnard, of Chavez & Barnard, Harlingen, for appellant.

F. T. Graham, Dist. Atty., and Menton Murray, Jr., Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with the intent to commit theft. The punishment was assessed by the court at two years.

After being properly admonished, the appellant entered a plea of guilty before the court. He entered a written waiver of a jury, the confrontation and cross-examination of witnesses and consented to the introduction of affidavits, written statements of witnesses and other documentary evidence by the State.

He now contends that the State's exhibits were not formally introduced and that the evidence is therefore insufficient to support the conviction under Article 1.15, Vernon's Ann.C.C.P.

After the court accepted the plea, the following occurred:

"MR. MURRAY (Assistant District Attorney): As State's Exhibit Number 1, the statement of Sherman Lowell Perry, the owner of the liquor store, 6980 East 14th Street, Brownsville, Cameron County, Texas: 'On December 25, 1970, some time between—' "

The court interrupted and ascertained that counsel for appellant had been appointed for more than ten days. The prosecutor then began to tell the court what the statement contained and then the record reflects:

"THE COURT: Have you offered all of those in evidence? I probably can read them faster.

"MR. MURRAY: All right, sir.

"THE COURT: Is it agreeable, Mr. Barnard?

"MR. BARNARD (Defense Counsel): Yes, sir.

(Whereupon State's Exhibits 1–12 were given to the Court)

"THE COURT: Anything further from the State?

"MR. MURRAY: No."

The appellant then stated to the court that he was celebrating or drinking too heavy and did not realize what he was doing and asked for probation. He also stated: "This last case, the last time I was sent up, was for something I wouldn't have done in my right mind for no amount of money in the world," and that he realized that his trouble was when he drank.

State's Exhibit No. 1, the statement of Sherman Perry, the owner of the burglarized liquor store, reflects that his store was broken into and a case of liquor was taken and that he saw a man carrying it out of his yard and it was reported to the police.

State's Exhibit No. 2, an affidavit by Ofelia Quintanilla Garcia, recites that she saw Evert Richardson coming out of the gate at the liquor store "carrying a box in which liquor is pack. (sic)" State's Exhibits 3, 4 and 5 were affidavits which also connected the appellant with the burglary. Exhibits 6 through 12 were photographs of the liquor and the building.

Does the fact that the record does not show that the court did not say in so many words that the exhibits were admitted into evidence keep them from being considered? In Erwin v. State, 171 Tex.Cr.R. 323, 350 S.W.2d 199, the document in question was not formally offered or admitted into evidence. There the Court held that the reading of the document to the jury without objection was tantamount to its introduction. See Ex parte Jackson, Tex. Cr.App., 470 S.W.2d 679, 682 [7]. Cf. Ex parte Hagler, 161 Tex.Cr.R. 387, 278 S.W. 2d 143.

In the present case the judge asked if he could read the exhibits instead of having them presented or read by the State and counsel for the appellant agreed. The record shows that the twelve exhibits, which were sufficient to prove appellant's guilt, were presented to the judge. Later the judge announced that the evidence was sufficient to support the conviction.

We hold that this record shows the acceptance of the exhibits by the trial judge under the circumstances of this case was sufficient to show that they were received into evidence. The evidence is sufficient to support the conviction.

The judgment is affirmed.