**Sylvestre GALLARDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–90–00239–CR.**

Court of Appeals of Texas,
San Antonio.

April 3, 1991.

Bryan P. Cartall, Law Offices of Bryan P. Cartall, San Antonio, for appellant.

Fred G. Rodriguez, Former Criminal Dist. Atty., Steven G. Hilbig and Edward F. Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before CHAPA, PEEPLES and BIERY, JJ.

## OPINION

PER CURIAM.

A jury convicted appellant of aggravated sexual assault and assessed punishment at life imprisonment and a $10,000 fine. Appellant raises four points of error contending that the court erred in admitting evidence of unadjudicated offenses in the punishment phase of the trial. We affirm.

During the punishment phase, the court admitted evidence that implicated appellant in the commission of an aggravated sexual assault and two attempted aggravated sexual assaults. The circumstances of each of these offenses was very similar to the case for which appellant was on trial, and each victim identified appellant in court as her attacker. Each extraneous offense, as well as the primary offense, involved appellant's posing as a well-dressed and well-mannered potential apartment renter and then savagely attacking a female apartment manager or leasing agent after getting her alone in a vacant apartment. Each offense involved a similar use of force and threats. Two of the offenses were committed one day after the aggravated sexual assault for which appellant was on trial. The third was committed two months later.

In four points of error, which he consolidates for argument, appellant contends that it was error to admit evidence of these unadjudicated offenses because it allowed the jury to punish him for his propensity to commit crimes and because article 37.07 § 3(a) of the code of criminal procedure limits evidence of extraneous offenses to adjudicated offenses.

Prior to its amendment in September 1989, article 37.07 § 3(a) stated, in pertinent part,

> (a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged. . . .

Act of June 15, 1989, ch. 785, § 4.04, 1989 Tex.Gen.Laws 3471, 3492. After amendment, that portion of the statute now provides,

> (a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant *as to any matter the court deems relevant to sentencing,* including the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged. . . .

TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon Supp.1991) (emphasis added). The only change effected by the amendment was the addition of the emphasized language.

Appellant urges that the language added by the amendment is controlled by the subsequent language concerning prior criminal record, reputation, and character. He asserts that even after amendment, the statute does not allow the introduction of evidence of unadjudicated offenses at the punishment phase. Two courts of appeals have rejected this contention, and we agree with their analysis and conclusion. *See Huggins v. State,* 795 S.W.2d 909, 911 (Tex.App.—Beaumont 1990, pet. ref'd); *McMillian v. State,* 799 S.W.2d 311, 313 (Tex.App.—Houston [14th Dist.] 1990, no pet.) (opinion on rehearing). As noted by the court in *Huggins,* the added language

allows for the introduction of evidence independent of the defendant's prior criminal record, general reputation, or character. *Huggins v. State,* 795 S.W.2d at 911. Thus, the amended statute does not by its terms confine evidence of extraneous offenses to those that are adjudicated or come within the definition of "prior criminal record." *See McMillian v. State,* 799 S.W.2d at 313; *Huggins v. State,* 795 S.W.2d at 911.

 Because the specific provisions for prior criminal record, reputation, and character were contained in the statute before its amendment, appellant essentially contends that the added language has no meaning and the amendment had no effect. We cannot accept this contention. In construing a statute, we must presume that all of the language employed by the legislature was used with a meaning and purpose. *Polk v. State,* 676 S.W.2d 408, 410 (Tex. Crim.App.1984). In enacting an amendment, the legislature is presumed to change the law. *Ex parte Trahan,* 591 S.W.2d 837, 842 (Tex.Crim.App.1979). The court should adopt a construction that gives effect to the intended change, as opposed to one that renders the amendment useless. *Id.*

 We are not without guidance in determining the meaning of the added language and in ascertaining what change the legislature intended to effect by the amendment, at least insofar as it involves admissibility of unadjudicated offenses. Article 37.071(a), which governs capital sentencing procedures, says that "evidence may be presented as to any matter that the court deems relevant to sentence." TEX.CODE CRIM.PROC.ANN. art. 37.071(a) (Vernon Supp.1991). This is, for all practical purposes, identical to the language added to article 37.07 § 3(a)—"evidence may ... be offered as to any matter the court deems relevant to sentencing."

In capital cases the court of criminal appeals had held, prior to the amendment of article 37.07, that the "any matter relevant to sentence" language in article 37.-071 allowed for the admission of evidence of unadjudicated offenses. *See Gentry v.*

*State,* 770 S.W.2d 780, 792–93 (Tex.Crim. App.1988), *cert. denied,* 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1013 (1989); *Thompson v. State,* 691 S.W.2d 627, 633 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Williams v. State,* 622 S.W.2d 116, 120 (Tex.Crim.App.1981), *cert. denied,* 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982). We may presume that in enacting the amendment to article 37.07, the legislature was aware of this judicial interpretation of nearly identical language in article 37.071 and intended the amendment to have the same effect.

> In construing a statutory word or phrase, the court may take into consideration the meaning of the same or similar language used elsewhere in the act or in another act of similar nature. Where the same or a similar term is used in the same connection in different statutes, it will be given the same meaning in one that it has in another, unless there is something to indicate that a different meaning was intended. *This rule applies with particular force where the meaning of a word as used in one act is clear or has been judicially determined, and the same word is subsequently used in another act pertaining to the same subject.*

*L & M–Surco Mfg., Inc. v. Winn Tile Co.,* 580 S.W.2d 920, 926 (Tex.Civ.App.—Tyler 1979, writ dism'd) (emphasis added); *see also Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863, 866 (Tex.1975) ("New or revised statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and subject thereto unless the contrary is clearly indicated.")

We conclude that the language added by the amendment to article 37.07 was intended by the legislature to have the same meaning and effect as the language contained in article 37.071. Thus, the provision for admission of evidence "as to any matter the court deems relevant to sentencing" properly encompasses unadjudicated offenses, provided the court determines that the proffered unadjudicated offense is

relevant. *See McMillian v. State*, 799 S.W.2d at 313; *Huggins v. State*, 795 S.W.2d at 911.

█ Under criminal evidence rule 401, relevant evidence is simply "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R.CRIM.EVID. 401. "Part of the determination of the action, of course, [is] the assessment of punishment." *Huggins v. State*, 795 S.W.2d at 911. The extraneous offenses admitted in the present case tended to show the danger appellant posed to the community and were of consequence to the assessment of punishment. Appellant seems to argue that the other offenses could not be relevant because they merely demonstrated his propensity to commit crimes or his "badness." Surely these are relevant to the jury's assessment of punishment because the statute, even before amendment, permitted the introduction of a defendant's criminal record, reputation, and character. All of these things bear on the type of person the defendant is, apart from the circumstances of the particular crime for which he has been convicted. His criminal background is clearly in issue. We conclude that the trial court did not abuse its discretion in determining that the extraneous offenses were relevant to sentencing. *See id.* at 911.

Appellant also urges that the evidence should nonetheless have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice. *See* TEX.R.CRIM.EVID. 403. We disagree. The evidence had great probative value. The extraneous offenses were remarkably similar to the one for which appellant was on trial, and were committed within a short period of time after the primary offense. They were not remote in time or content, and they demonstrated appellant's propensity to repeat the same type of attack for which he had been convicted. Any danger of unfair prejudice did not substantially outweigh the probative value of this evidence.

Finally, we note that our construction of section 3(a) of article 37.07 allowing evidence of unadjudicated offenses is neither novel nor does it violate appellant's due process rights. As previously discussed, the capital sentencing statute has been construed to allow evidence of unadjudicated offenses. *See Gentry v. State*, 770 S.W.2d at 792–93. Also, when the *court* assesses punishment in a non-capital case, it is expressly permitted to consider presentence investigation reports, which may contain evidence of unadjudicated offenses. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(d) (Vernon Supp.1991). Thus, section 3(a) of article 37.07, as amended, simply puts before a jury assessing punishment in a felony case the same information presently available to juries in capital cases and to courts assessing punishment in other cases. Points of error one through four are overruled.

The judgment is affirmed.