Thomas Steele **REXFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–89–01175–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 3, 1991.

Randy Schaffer, Houston, for appellant.

John B. Holmes, Harris Co. Dist. Atty., Timothy G. Taft, Asst. Harris Co. Dist. Atty., for appellee.

Before TREVATHAN, C.J., and DUGGAN and DUNN, JJ.

## OPINION

DUNN, Justice.

After a plea of guilty, appellant, Thomas Steele Rexford, was convicted of sexual assault and sentenced to 12 years confinement.

In his first point of error, appellant contends that the evidence was insufficient to support his conviction because the State failed to introduce any evidence in support of appellant's plea of guilty.

A conviction cannot be based on a plea of guilty unless "the [S]tate ... introduce[s] evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment." TEX.CODE CRIM. P.ANN. art. 1.15 (Vernon 1977).

Appellant signed a document titled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The document alleged that appellant

intentionally and knowingly by the use of physical force and violence and by threatening the present use of force and violence against [the complainant] ... cause[d] the penetration of the female sexual organ of the complainant by placing his sexual organ in the female sexual organ of the complainant and without the consent of the complainant.

The document further stated that appellant confessed that the allegations were true. The document was signed by appellant, sworn to by him before the clerk of the court, and signed by appellant's attorney, the prosecutor, and the trial judge. The document was filed with the court and is a part of the transcript in this case.

The "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" was never admitted into evidence. However, the document stated that it

was *executed* by the defendant [appellant], his attorney, and the attorney representing the State, and then *filed* with the papers of the case. The defendant [appellant] then came before me [the trial judge] and *I approved the above* and *the defendant entered a plea of guilty.*

(Emphasis added.) The document, which included appellant's confession to all elements of sexual assault, was on file with and approved by the trial court; thus, it was accepted and considered by the court. *See Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex.Crim.App.1977) (where warrant was neither formally introduced nor admitted into evidence, but was treated by court and parties as if admitted, record supported extradition order); *Killion v. State*, 503

S.W.2d 765, 766 (Tex.Crim.App.1973) (stipulations, in which defendant fully acknowledged guilt, could be considered in support of judgment although they were neither formally introduced nor read into evidence); *Kissinger v. State*, 501 S.W.2d 78, 79 (Tex.Crim.App.1973) (where record indicated trial court considered defendant's written judicial confessions, they were properly in record and supported judgment although court never formally stated confessions had been admitted); *Richardson v. State*, 475 S.W.2d 932, 933 (Tex.Crim.App.1972) (although exhibits were not formally introduced into evidence, record indicated they were accepted by trial judge and were, thus, sufficient to support conviction); *Voelkel v. State*, 629 S.W.2d 243, 247 (Tex.App.—Fort Worth 1982) (when amphetamine was treated as admitted into evidence, although it was never offered or admitted, amphetamine could be considered by trial court), *aff'd*, 717 S.W.2d 314 (Tex.Crim.App.1986). The judicial confession contained in the document was sufficient to support appellant's conviction based on his plea of guilty.

We overrule appellant's first point of error.

In his fourth point of error, appellant contends that the trial court erred in considering a prior sexual assault, for which appellant was "no-billed," in assessing punishment.

The presentence investigation ("PSI") revealed that approximately five months before the present offense, appellant was charged with sexual assault. In that case, appellant allegedly forced a woman to have sexual intercourse with him by threatening her with his raised fist. A grand jury returned a "no bill" on the sexual assault charge.

■ Judge Joe Kegans, the judge who sentenced appellant, stated that she would not answer questions about why she assessed the particular punishment. However, she stated that she assessed a prison term, in part, because appellant had a sex problem and was dangerous. She stated

that she was sure she had told appellant's counsel that one of the reasons she sentenced appellant as she did was because he had "done this before" but was not convicted. Judge Kegans contended that the "no-billed" offense was a factor in assessing punishment although not a significant factor. She felt it was appropriate to consider a "no-billed" offense.

Appellant did not object, at trial, to the facts of the "no-billed" offense being included in the PSI for consideration in assessing punishment. An error not raised at trial cannot be presented for the first time on appeal. *Green v. State*, 682 S.W.2d 271, 275 (Tex.Crim.App.1984), *cert. denied*, 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985); Tex.R.App.P. 52(a). Appellant waived his fourth point of error. However, we will address the law governing the contention raised by appellant's fourth point of error because it is relevant to the determination of other points of error.

■ Effective September 1, 1989, the Texas Code of Criminal Procedure was amended to provide:

> Regardless of the plea ... evidence may, *as permitted by the Rules of Evidence,* be offered by the state ... as to *any matter the court deems relevant to sentencing, including* the prior criminal record of the defendant, his general reputation and his character. The prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a) (Vernon Supp.1991) (emphasis added). The only change in section 3(a) of article 37.07 was the addition of the emphasized language.[1] We find that by adding the language "any matter the court deems relevant to sentencing," the legislature expanded admissible evidence beyond the defendant's prior criminal record, his general reputation, and his character. *Gallardo v. State*, 809 S.W.2d 540, 541–42 (Tex.App.—San Antonio 1991, pet. pending); *Huggins*

---

1. *See* act of June 15, 1989, 71st Leg., R.S., ch.     785, § 4.04, 1989 Tex.Gen.Laws 3492, 3492.

*v. State*, 795 S.W.2d 909, 911 (Tex.App.—Beaumont 1990, pet. ref'd); *see also Grunsfeld v. State*, 813 S.W.2d 158, 166 (Tex.App.—Dallas, 1991) (amendment to section 3(a) of article 37.07 expanded, without enumeration, matters that can be introduced if they are relevant to punishment). Hence, evidence of unadjudicated, extraneous offenses may be admitted, at the punishment phase, if the evidence is relevant. *Gallardo*, 809 S.W.2d at 542–43. *But see Grunsfeld*, at 163 (retention of definition of "prior criminal record" precludes admission of evidence of unadjudicated, extraneous offenses).

■ Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R.CRIM.EVID. 401. In the present case, the sexual assault for which appellant was "no-billed" occurred approximately five months before the present offense. In addition, the facts of the "no-billed" assault were similar to the facts of the present assault; in each assault, appellant allegedly attacked an acquaintance and forced her to have sex with him by threatening her with his fists or by hitting her with his fists. We find that the evidence concerning the sexual assault for which appellant was "no-billed" was relevant to the assessment of punishment; therefore, it was properly included in the PSI and considered by the judge in assessing punishment. *See Gallardo*, 809 S.W.2d at 543 (trial court did not abuse discretion in admitting evidence of unadjudicated, extraneous offense because it tended to show danger defendant posed to community and was relevant to assessment of punishment); *Hubbard v. State*, 809 S.W.2d 316, 319–20 (Tex.App.—Fort Worth 1991, no pet.) (trial court did not abuse discretion in admitting testimony regarding unadjudicated, extraneous offense because it was relevant to punishment); *McMillian v. State*, 799 S.W.2d 311, 313–14 (Tex.App.—Houston [14th Dist.] 1990, pet. granted) (evidence of unadjudicated, extraneous offense was properly admitted because it was relevant to question of fitness for probation); *Huggins*, 795 S.W.2d at 911 (evidence of unadjudicated, extraneous offenses was relevant to assessment of punishment and was, thus, admissible); *cf. Rice v. State*, 789 S.W.2d 604, 605–606 (Tex.App.—Dallas 1990, no pet.) (trial court properly admitted evidence of unadjudicated, extraneous sexual offenses against complainant; evidence was relevant because it allowed jury to put events and parties in proper context).

■ Appellant contends that because he was "nobilled" on the offense, evidence of the facts concerning the offense was unreliable and, thus, could not have been admissible and should not have been considered by the judge. A defendant may not be sentenced on the basis of untrue information. *Townsend v. Burke*, 334 U.S. 736, 740–41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Brice*, 565 F.2d 336, 337 (5th Cir.1977). A trial court should only consider reliable information when assessing punishment. *United States v. Woody*, 567 F.2d 1353, 1364 (5th Cir.1978), *cert. denied*, 436 U.S. 908, 98 S.Ct. 2241, 56 L.Ed.2d 406 (1978). We do not consider the facts concerning the sexual assault were untrue simply because a grand jury returned a "nobill" on that offense. Additionally, we find the facts concerning the "nobilled" offense were no more unreliable than the facts concerning any other unadjudicated, extraneous offense. Moreover, the PSI revealed that the offense was "nobilled." Consequently, we find the trial court did not err in considering the offense for which appellant was "nobilled" when it assessed punishment.

We overrule appellant's fourth point of error.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. We affirm the judgment of the trial court.

TREVATHAN, C.J., dissenting.

TREVATHAN, Chief Justice, dissenting.

I respectfully dissent in part. In his first point of error, appellant contends that the

evidence is insufficient to support his conviction because the State failed to offer any evidence in support of appellant's plea of guilty. I agree with appellant's contention.

A conviction cannot be based on a plea of guilty unless "the [S]tate ... *introduce[s] evidence* into the record showing the guilt of the defendant." TEX.CODE CRIM.P.ANN. art. 1.15 (Vernon 1977) (Emphasis added).

The transcript contains a document titled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The document alleged that appellant

> intentionally and knowingly by the use of physical force and violence and by threatening the present use of force and violence against [the complainant] ... cause[d] the penetration of the female sexual organ of the complainant by placing his sexual organ in the female sexual organ of the complainant and without the consent of the complainant.

The document further stated that appellant confessed that the allegations were true. The document was filed with the court and bears what appears to be appellant's signature. However, the document was not introduced or admitted into evidence.

The record reflects that the State offered no evidence at the hearing where appellant offered his plea. The trial court did not enter a conviction at that hearing. At the hearing on punishment, the only evidence offered by the State was State's exhibit one. The record reflects that State's exhibit one was a letter from the complainant's father urging the trial court to sentence appellant to a term in prison. The State failed to introduce the document, "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession. *Compare Potts v. State*, 571 S.W.2d 180, 182 (Tex.Crim.App. [Panel Op.] 1978) (judicial confession affirmed in court by appellant was sufficient to support conviction); *Miles v. State*, 486 S.W.2d 326, 326 (Tex.Crim. App.1972) (defendant's affidavit, which admitted allegations of indictment and was admitted into evidence, was sufficient to support conviction); *Elliott v. State*, 768 S.W.2d 351, 353 (Tex.App.—Corpus Christi 1989, no pet.) ("Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty," which was offered into evidence, was sufficient to support conviction).

The Texas Code of Criminal Procedure clearly requires the State to *introduce evidence* into the record. TEX.CODE CRIM. P.ANN. art. 1.15. Evidence is "[a]ny species of proof ... legally presented at the trial of an issue." BLACK'S LAW DICTIONARY 498 (5th ed. 1979). Since the State failed to introduce the document at either of the hearings, it is not evidence.[1] I would find that the State failed to offer any evidence in support of appellant's plea of guilty; therefore, the evidence is insufficient to support appellant's conviction.

Appellant urges this Court to reconsider the issues addressed in *Ex parte Martin*, 747 S.W.2d 789 (Tex.Crim.App.1988). Ap-

---

1. The cases upon which the majority relies are distinguishable from the present case. In those cases, the record indicated that the evidence, although never formally admitted into evidence, was presented to the trial court and considered by it. *See Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex.Crim.App.1977) (warrant was not formally introduced or admitted into evidence, but it was treated by trial court and parties as if it had been admitted); *Killion v. State*, 503 S.W.2d 765, 766 (Tex.Crim.App.1973) (written stipulations were treated by court and parties as if they had been admitted into evidence although they were never formally introduced or admitted); *Kissinger v. State*, 501 S.W.2d 78, 79 (Tex.Crim. App.1973) (while judge never formally stated confessions were admitted into evidence, State offered them into evidence, and parties treated them as if they were admitted); *Richardson v. State*, 475 S.W.2d 932, 933 (Tex.Crim.App.1972)

(although exhibits were never formally offered or admitted into evidence, judge asked if he could read them, and appellant's counsel agreed); *Voelkel v. State*, 629 S.W.2d 243, 246–47 (Tex.App.—Fort Worth 1982) (cigarette case was never offered or admitted into evidence, but it was referred to and discussed by parties on several instances), *aff'd*, 717 S.W.2d 314 (Tex.Crim.App.1986). In contrast, in the present case, the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" was never referred to by the State, appellant, or the trial court at either the hearing at which appellant entered his plea or the hearing at which the trial court entered appellant's conviction and sentenced him. Therefore, not only was the document never formally introduced or admitted into evidence, it was not presented to the trial court and treated by the parties and the court as if it had been admitted.

pellant contends that if the State fails to introduce any evidence to support a conviction based on appellant's plea of guilty, appellant is entitled to an acquittal.

In *Martin,* the Court of Criminal Appeals held that a defendant was not entitled to acquittal if the State failed to introduce sufficient evidence to support his conviction based on a plea of guilty. 747 S.W.2d at 792–93. However, a majority of the Texas Court of Criminal Appeals later relied on *Martin* and held that a defendant who entered a guilty plea is not entitled to an acquittal when the State failed to introduce sufficient evidence to support his conviction. *Bender v. State,* 758 S.W.2d 278, 280–81 (Tex.Crim.App.1988). This Court, as an intermediate court of appeals, must follow the law declared by the highest courts of this State. *Southwick v. State,* 701 S.W.2d 927, 929 (Tex.App.—Houston [1st Dist.] 1985, no pet.). When the Texas Court of Criminal Appeals has declared the law on an issue, this Court must follow its declaration. *Id.; cf. Abdnor v. Ovard,* 653 S.W.2d 793, 793 (Tex.Crim.App.1983) (intermediate court of appeals erred in applying its own standard that was in conflict with standard announced by Court of Criminal Appeals). Therefore, I would decline to reconsider the issue already addressed by the Court of Criminal Appeals.

I would reverse appellant's conviction and remand the cause for further proceedings.