ROBERTS V. STATE

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-013-CR

        2-03-014-CR

        2-03-015-CR

FREDRICK DWAIN ROBERTS APPELLANT

A/K/A FREDRICK D. ROBERTS

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Fredrick Dwain Roberts a/k/a Fredrick D. Roberts appeals from his convictions for burglary, auto theft, and evading arrest.  In four points appellant complains that the trial court failed to properly admonish him under article 26.13 of the Texas Code of Criminal Procedure and that the State failed to introduce evidence into the record to satisfy the minimum requirements of article 1.15 of the Texas Code of Criminal Procedure.

FACTS

Appellant pled guilty to auto theft, burglary of a habitation, and evading arrest while driving a vehicle.  He signed a judicial confession relating to each charge.  The trial court sentenced appellant to ten years’ confinement for the offense of auto theft, ten years’ confinement for evading arrest, and fifteen years’ confinement for burglary of a habitation.

ADMONISHMENT

In his first point, appellant complains that the trial court did not properly admonish him as required under article 26.13(4) 
of the Texas Code of Criminal Procedure
.  
Article 26.13(a) requires a trial judge to give certain admonishments before accepting a plea of guilty. 
 Tex. Code Crim. Proc. Ann.
 art. 26.13(a) (Vernon Supp. 2003).  Substantial compliance by the court in admonishing the defendant is sufficient to satisfy the requirements of article 26.13.  
Id.
 art. 26.13(c) (Vernon 1989).  The admonishments may be given either orally or in writing.  
Id.
 art. 26.13(d).
  If they are in writing, the trial court must obtain a statement signed by both the defendant and his attorney indicating that the defendant understood the admonitions and was aware of the consequences of his plea. 
 Id.
; 
Kirk v. State
, 949 S.W.2d 769, 771 (Tex. App.—Dallas 1997, pet. ref'd).  Written admonishments signed by the defendant and the reporter's record showing that the defendant orally represented to the court that he understood the admonitions constitute a prima facie showing that the plea was voluntary.  
Courtney v. State
, 39 S.W.3d 732, 736 (Tex. App.—Beaumont 2001, no pet.) (citing 
Fuentes v. State
, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985)). 

Specifically, appellant 
claims that the court did not give him the  citizenship-deportation admonishment.
(footnote: 2)  The court admonished appellant in writing and, in the clerk’s records for each cause, admonishment number eight contains the information required under article 26.13(a)(4).  These admonishments were signed by both appellant and his attorney, indicating that appellant understood the admonishments and the consequences of his guilty plea.  Moreover, under oath in open court, appellant 
testified that he understood the admonitions, that the plea constituted a waiver of his rights, and that he understood that the guilty plea formed the basis for a guilty finding on all charges. 
 Therefore, the records show that the court admonished appellant in writing regarding deportation.  Accordingly, we hold that the record reflects that appellant was properly admonished.  Appellant’s first point is overruled.

JUDICIAL CONFESSION

In points two, three, and four appellant complains that the State failed to introduce evidence to support his three guilty pleas as required under Texas Code of Criminal Procedure article 1.15.
(footnote: 3)   
We review the challenge of a judicial confession as a challenge to the legal sufficiency of the evidence.  
See Elliott v. State
, 768 S.W.2d 351, 352 (Tex. App.—Corpus Christi 1989, no writ).
  
 

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In a bench trial, a plea of guilty will not support a felony conviction unless the State introduces sufficient evidence to support the plea.  
Tex. Code Crim. Proc. Ann
. art. 1.15; 
McDougal v. State
,105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref'd)
.  
The evidence is considered sufficient under article 1.15 if it embraces the essential elements of the offense charged and establishes the defendant's guilt.  
Stone v. State
, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).  A judicial confession that encompasses the essential elements of the offense will, standing alone, discharge the State’s burden under article 1.15.  
See, e.g., Craven v. State
, 607 S.W.2d 527, 528 (Tex. Crim. App. [Panel Op.] 1980); 
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh’g)
.  
Therefore, appellant’s judicial confession, standing alone, provides sufficient evidence to support the trial court’s judgments and satisfies the requirements of article 1.15.  
See Lord v. State
, 63 S.W.3d 87, 92 (Tex. App.—Corpus Christi 2001, no pet.) (citing 
Dinnery
, 592 S.W.2d at 353); 
Williams v. State
, 483 S.W.2d 460, 461 (Tex. Crim. App. 1972).  

Even so, in his second, third, and fourth points, appellant specifically complains that the written judicial confessions are not sufficient because they do not refer to K.C. Sullivan as the officer he fled from, name the owner of the car he stole, or name the owner of the home he burglarized.  Each of the confessions state in part that “I [appellant] have read the indictment or information filed in this case and I committed and am guilty of each and every act as alleged therein . . . .  All the facts alleged in the indictment or information are true and correct.” 

The auto theft indictment charged that appellant 
“did then and there unlawfully appropriate, by acquiring or otherwise exercising control over  property, to-wit: an automobile, of the value of $1500 or more, but less than $20,000, with intent to deprive the owner, Charles Gray, of the property.”
  The burglary of a habitation indictment stated in part that appellant “did intentionally and knowingly, without the effective consent of Herbert McCauley, the owner thereof, enter a habitation with intent to commit theft.”  
Lastly, in its remaining indictment the State charged that appellant “did intentionally flee, using a vehicle, from K.C. Sullivan, knowing K.C. Sullivan was a peace officer who was attempting to lawfully arrest or detain the [appellant].” 

At trial, appellant orally acknowledged under oath that the allegations in the three indictments were true and correct.  He pled guilty to all charges in the three indictments.  Appellant testified as follows:

THE COURT:  In each case there is an admonishment document [containing the judicial confessions].  Is that your signature here?

[APPELLANT]:  Yes, sir.

THE COURT:
  And here?

[APPELLANT]:  Yes, sir.

THE COURT:
  And here?

[APPELLANT]:  Yes, sir.

THE COURT:
  And did you understand what you were doing when you signed these three documents.

[APPELLANT]:  Yes, sir.

THE COURT:  Did you understand that by signing them, you give up your rights in these three cases?

[APPELLANT]:  Yes, sir.

THE COURT:  In the first case I called, you are charged with the offense of burglary of a habitation with intent to commit theft.  Do you understand what you are charge[d]
 with in that indictment?

[APPELLANT]:  Yes, sir.

THE COURT:  To that charge you may plead guilty or not guilty.

[APPELLANT]:  Guilty.

THE COURT:  Are you pleading guilty because you are guilty and for no other reason?

[APPELLANT]:  Yes, sir.

Appellant pled guilty in the same manner for each offense.  Appellant’s affirmation that he committed the acts alleged in the indictments is sufficient to “embrace” the elements of each offense.  
See Stone
, 919 S.W.2d at 427.

Appellant also contends that although he signed sworn judicial confessions, they were never offered into evidence at the plea hearing.  However, legally sufficient evidence to support the conviction need not be tendered as evidence and admitted.  
See Killion v. State
, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973)
; Rexford v. State
, 818 S.W.2d 494 (Tex. App.—Houston [1
st
 Dist.] 1991), 
pet. ref’d
, 823 S.W.2d 296 (Tex. Crim. App. 1991) (per curiam)
.  In 
Killion
, the court found that written stipulations, which were never formally admitted into the record, were sufficient to support a conviction because the defendant did not object when they were treated as admitted evidence. 
 503 S.W.2d at 766.  Similarly, appellant never objected at trial to treatment of the judicial confessions
 as evidence of his guilt. 

In 
Rexford
, the judicial confession was never offered or admitted into evidence.  
818 S.W.2d at 495.  However, the confession recited the offense and all its requisite elements.  
Id.
  The defendant 
signed the document stating that all the allegations were true as alleged.  
Id.
  The defendant’s attorney, the prosecutor, and judge also signed the document.  
Id.
  The document included defendant's confession to all elements of sexual assault, was on file with, and approved by the trial court. 
 Id.
  The appellate court held that the judicial confession was sufficient to support the guilty plea.  
Id.
 at 496. 

In the case at bar, appellant’s sworn signature appears on all three of the confessions, as do the signatures of the defense attorney, the prosecutor, and the presiding judge.  Appellant also agreed, in writing, that the court could take judicial notice of each judicial confession and the facts set forth therein, and that the court took judicial notice of each document.  Like 
Rexford
, the three documents were on file with, and were approved by the trial court.  Appellant lodged no objection to treatment of the confessions as evidence of his guilt.  Thus, under the holdings of 
Killian 
and
 Rexford
,
 
the judicial confessions signed by appellant in the present cases are sufficient to support his guilty pleas.

Additional testimony at the plea hearing also provides evidence in support of the convictions.  Herbert McCauley testified that his home had been burglarized and some of his property taken.  Officer Sullivan testified that when he turned on his patrol car’s siren and lights, appellant fled from him in a stolen car
.  The officer also testified that the owner of the stolen car was Charles Gray.  Likewise, appellant’s own oral testimony admitting that the facts alleged in the indictments were true was sufficient to support appellant’s conviction.  
See, e.g., Craven, 
607 S.W.2d at 528; 
Dinnery
, 592 S.W.2d at 353.  
Compare Breaux v. State
, 16 S.W.3d 854, 856 (Tex. App.—Houston [14
th
 Dist.] 2000, pet. ref’d) (holding judicial confession insufficient when it omitted essential element of offense). 

We hold that the evidence is legally sufficient to support appellant’s convictions.
 Accordingly, appellant’s second, third and fourth points are overruled.

CONCLUSION

Having overruled all of appellant’s points, we affirm the trial court’s judgments.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DAUPHINOT, J. filed a concurring opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 6, 2003

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-013-CR

        2-03-014-CR

        2-03-015-CR

FREDRICK DWAIN ROBERTS APPELLANT

A/K/A FREDRICK D. ROBERTS

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

CONCURRING OPINION

------------
 

I concur only in the result in these cases because I disagree with the majority’s reliance on 
Killion
.
(footnote: 1)  There is no provision in our criminal law for treating documents as admitted into evidence when they have been neither offered nor admitted.  Both due process and article 1.15 of the Texas Code of Criminal Procedure require that sufficient evidence be admitted to support a defendant’s guilty plea.
(footnote: 2)  Talking about the existence of documents and the voluntariness of their execution satisfies neither due process nor article 1.15.   The evidence is sufficient to support Appellant’s guilty plea in the cases before us because the trial court 
took judicial notice
 of the Appellant’s judicial confessions,
(footnote: 3) which are, standing alone, sufficient evidence of guilt in felony cases in which a defendant waives a jury and pleads guilty to the trial court.
(footnote: 4)  Because the majority’s reliance on 
Killion
 and its progeny unnecessarily muddies the clear waters in this area of law, I concur only in the result. 

LEE ANN DAUPHINOT

JUSTICE

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 6, 2003

FOOTNOTES
1: 
S
ee
 
Tex. R. App. P.
 47.4.

2:
The Texas Code of Criminal Procedure requires that the court admonish the defendant of “the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.” 
  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(4).

3: 
Article 1.15 provides:

[I]t shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.  The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.  Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex. Code Crim. Proc. Ann.
 art. 1.15 (Vernon Supp. 2003).

1:
Killion v. State
, 503 S.W.2d 765 (Tex. Crim. App. 1973).

2:
Tex. Code Crim. Proc. Ann.
 art. 1.15 (Vernon Supp. 2003); 
Ex parte Coleman
, 599 S.W.2d 305, 307 (Tex. Crim. App. [Panel Op.] 1978); 
Santallan v. State,
 922 S.W.2d 306, 311 (Tex. App.—Fort Worth 1996, pet. ref’d) (Dauphinot, J., concurring).

3:
See McDougal v. State
, 105 S.W.3d 119, 120-21 & n.9 (Tex. App.—Fort Worth 2003, pet. ref’d).

4:
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g).

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by Justice Livingston; Concurrence by Justice Dauphinot