COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 
2-03-013-CR
 2-03-014-CR
 2-03-015-CR
 
FREDRICK DWAIN ROBERTS                              
  APPELLANT
A/K/A FREDRICK D. ROBERTS
 
V.
 
THE STATE OF 
TEXAS                                            
STATE 
 
------------
 
FROM THE 
213TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Fredrick Dwain Roberts a/k/a Fredrick D. Roberts appeals from his 
convictions for burglary, auto theft, and evading arrest. In four points appellant 
complains that the trial court failed to properly admonish him under article 
26.13 of the Texas Code of Criminal Procedure and that the State failed to 
introduce evidence into the record to satisfy the minimum requirements of 
article 1.15 of the Texas Code of Criminal Procedure. 
FACTS
        Appellant pled guilty to auto theft, burglary of a habitation, and evading 
arrest while driving a vehicle. He signed a judicial confession relating to each 
charge. The trial court sentenced appellant to ten years’ confinement for the 
offense of auto theft, ten years’ confinement for evading arrest, and fifteen 
years’ confinement for burglary of a habitation. 
ADMONISHMENT
        In his first point, appellant complains that the trial court did not properly 
admonish him as required under article 26.13(4) of the Texas Code of Criminal 
Procedure. Article 26.13(a) requires a trial judge to give certain admonishments 
before accepting a plea of guilty. Tex. Code Crim. Proc. Ann. art. 26.13(a)
(Vernon Supp. 2003). Substantial compliance by the court in admonishing the
defendant is sufficient to satisfy the requirements of article 26.13. Id. art.
26.13(c) (Vernon 1989). The admonishments may be given either orally or in
writing. Id. art. 26.13(d). If they are in writing, the trial court must obtain a
statement signed by both the defendant and his attorney indicating that the
defendant understood the admonitions and was aware of the consequences of
his plea. Id.; Kirk v. State, 949 S.W.2d 769, 771 (Tex. App.—Dallas 1997,
pet. ref'd). Written admonishments signed by the defendant and the reporter's
record showing that the defendant orally represented to the court that he
understood the admonitions constitute a prima facie showing that the plea was
voluntary. Courtney v. State, 39 S.W.3d 732, 736 (Tex. App.—Beaumont
2001, no pet.) (citing Fuentes v. State, 688 S.W.2d 542, 544 (Tex. Crim. App.
1985)). 
        Specifically, appellant claims that the court did not give him the 
citizenship-deportation admonishment. 


 The court admonished appellant in 
writing and, in the clerk’s records for each cause, admonishment number eight
contains the information required under article 26.13(a)(4). These
admonishments were signed by both appellant and his attorney, indicating that
appellant understood the admonishments and the consequences of his guilty
plea. Moreover, under oath in open court, appellant testified that he understood
the admonitions, that the plea constituted a waiver of his rights, and that he
understood that the guilty plea formed the basis for a guilty finding on all
charges. Therefore, the records show that the court admonished appellant in
writing regarding deportation. Accordingly, we hold that the record reflects
that appellant was properly admonished. Appellant’s first point is overruled.
JUDICIAL CONFESSION
        In points two, three, and four appellant complains that the State failed to 
introduce evidence to support his three guilty pleas as required under Texas 
Code of Criminal Procedure article 1.15. 
 

 We review the challenge of a judicial 
confession as a challenge to the legal sufficiency of the evidence. See Elliott
v. State, 768 S.W.2d 351, 352 (Tex. App.—Corpus Christi 1989, no writ). 
 
In reviewing the legal sufficiency of the evidence to support a conviction, we 
view all the evidence in the light most favorable to the judgment in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to weigh 
the evidence, and to draw reasonable inferences from basic facts to ultimate 
facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When performing a legal 
sufficiency review, we may not sit as a thirteenth juror, re-evaluating the 
weight and credibility of the evidence and, thus, substituting our judgment for 
that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. 
App. 1999), cert. denied, 529 U.S. 1131 (2000). 
        In a bench trial, a plea of guilty will not support a felony conviction unless 
the State introduces sufficient evidence to support the plea. Tex. Code Crim. 
Proc. Ann. art. 1.15; McDougal v. State,105 S.W.3d 119, 121 (Tex. 
App.—Fort Worth 2003, pet. ref'd). The evidence is considered sufficient 
under article 1.15 if it embraces the essential elements of the offense charged
and establishes the defendant's guilt. Stone v. State, 919 S.W.2d 424, 427
(Tex. Crim. App. 1996). A judicial confession that encompasses the essential
elements of the offense will, standing alone, discharge the State’s burden under
article 1.15. See, e.g., Craven v. State, 607 S.W.2d 527, 528 (Tex. Crim.
App. [Panel Op.] 1980); Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim.
App. [Panel Op.] 1980) (op. on reh’g). Therefore, appellant’s judicial
confession, standing alone, provides sufficient evidence to support the trial
court’s judgments and satisfies the requirements of article 1.15. See Lord v.
State, 63 S.W.3d 87, 92 (Tex. App.—Corpus Christi 2001, no pet.) (citing
Dinnery, 592 S.W.2d at 353); Williams v. State, 483 S.W.2d 460, 461 (Tex.
Crim. App. 1972). 
        Even so, in his second, third, and fourth points, appellant specifically 
complains that the written judicial confessions are not sufficient because they 
do not refer to K.C. Sullivan as the officer he fled from, name the owner of the 
car he stole, or name the owner of the home he burglarized. Each of the 
confessions state in part that “I [appellant] have read the indictment or 
information filed in this case and I committed and am guilty of each and every 
act as alleged therein . . . . All the facts alleged in the indictment or 
information are true and correct.” 
        The auto theft indictment charged that appellant “did then and there 
unlawfully appropriate, by acquiring or otherwise exercising control over 
property, to-wit: an automobile, of the value of $1500 or more, but less than
$20,000, with intent to deprive the owner, Charles Gray, of the property.” The 
burglary of a habitation indictment stated in part that appellant “did intentionally 
and knowingly, without the effective consent of Herbert McCauley, the owner 
thereof, enter a habitation with intent to commit theft.” Lastly, in its remaining 
indictment the State charged that appellant “did intentionally flee, using a
vehicle, from K.C. Sullivan, knowing K.C. Sullivan was a peace officer who was
attempting to lawfully arrest or detain the [appellant].” 
        At trial, appellant orally acknowledged under oath that the allegations in 
the three indictments were true and correct. He pled guilty to all charges in the 
three indictments. Appellant testified as follows: 
THE COURT: In each case there is an admonishment
document [containing the judicial confessions]. Is that your
signature here?

                [APPELLANT]: Yes, sir. 
 
THE COURT: And here? 
 
[APPELLANT]: Yes, sir. 
 
THE COURT: And here? 
 
[APPELLANT]: Yes, sir. 
 
THE COURT: And did you understand what you were doing 
when you signed these three documents.
 
[APPELLANT]: Yes, sir. 
 
THE COURT: Did you understand that by signing them, you 
give up your rights in these three cases? 
 
[APPELLANT]: Yes, sir. 
 
THE COURT: In the first case I called, you are charged with 
the offense of burglary of a habitation with intent to commit theft. 
Do you understand what you are charge[d] with in that indictment? 
 
[APPELLANT]: Yes, sir. 
 
THE COURT: To that charge you may plead guilty or not 
guilty.
 
[APPELLANT]: Guilty. 
 
THE COURT: Are you pleading guilty because you are guilty 
and for no other reason? 
 
[APPELLANT]: Yes, sir. 

Appellant pled guilty in the same manner for each offense. Appellant’s
affirmation that he committed the acts alleged in the indictments is sufficient
to “embrace” the elements of each offense. See Stone, 919 S.W.2d at 427.
        Appellant also contends that although he signed sworn judicial 
confessions, they were never offered into evidence at the plea hearing. 
However, legally sufficient evidence to support the conviction need not be 
tendered as evidence and admitted. See Killion v. State, 503 S.W.2d 765, 766 
(Tex. Crim. App. 1973); Rexford v. State, 818 S.W.2d 494 (Tex. 
App.—Houston [1st Dist.] 1991), pet. ref’d, 823 S.W.2d 296 (Tex. Crim. App. 
1991) (per curiam). In Killion, the court found that written stipulations, which 
were never formally admitted into the record, were sufficient to support a 
conviction because the defendant did not object when they were treated as 
admitted evidence. 503 S.W.2d at 766. Similarly, appellant never objected at 
trial to treatment of the judicial confessions as evidence of his guilt. 
        In Rexford, the judicial confession was never offered or admitted into 
evidence. 818 S.W.2d at 495. However, the confession recited the offense 
and all its requisite elements. Id. The defendant signed the document stating 
that all the allegations were true as alleged. Id. The defendant’s attorney, the 
prosecutor, and judge also signed the document. Id. The document included 
defendant's confession to all elements of sexual assault, was on file with, and 
approved by the trial court. Id. The appellate court held that the judicial 
confession was sufficient to support the guilty plea. Id. at 496. 
        In the case at bar, appellant’s sworn signature appears on all three of the 
confessions, as do the signatures of the defense attorney, the prosecutor, and 
the presiding judge. Appellant also agreed, in writing, that the court could take 
judicial notice of each judicial confession and the facts set forth therein, and 
that the court took judicial notice of each document. Like Rexford, the three 
documents were on file with, and were approved by the trial court. Appellant 
lodged no objection to treatment of the confessions as evidence of his guilt. 
Thus, under the holdings of Killian and Rexford, the judicial confessions signed 
by appellant in the present cases are sufficient to support his guilty pleas.
        Additional testimony at the plea hearing also provides evidence in support 
of the convictions. Herbert McCauley testified that his home had been 
burglarized and some of his property taken. Officer Sullivan testified that when 
he turned on his patrol car’s siren and lights, appellant fled from him in a stolen 
car. The officer also testified that the owner of the stolen car was Charles
Gray. Likewise, appellant’s own oral testimony admitting that the facts alleged
in the indictments were true was sufficient to support appellant’s conviction. 
See, e.g., Craven, 607 S.W.2d at 528; Dinnery, 592 S.W.2d at 353. Compare
Breaux v. State, 16 S.W.3d 854, 856 (Tex. App.—Houston [14th Dist.] 2000,
pet. ref’d) (holding judicial confession insufficient when it omitted essential
element of offense). 
        We hold that the evidence is legally sufficient to support appellant’s 
convictions. Accordingly, appellant’s second, third and fourth points are
overruled.
 
 
CONCLUSION
        Having overruled all of appellant’s points, we affirm the trial court’s 
judgments.

 
                                                          TERRIE LIVINGSTON 
                                                                  JUSTICE
 
PANEL F:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
 
DAUPHINOT, J. filed a concurring opinion.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 6, 2003



 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-013-CR
 2-03-014-CR
 2-03-015-CR
 
FREDRICK DWAIN ROBERTS                                APPELLANT 
A/K/A FREDRICK D. ROBERTS
 
V.
 
THE STATE OF 
TEXAS                                              STATE
 
------------
 
FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        I concur only in the result in these cases because I disagree with the 
majority’s reliance on Killion. 
 

 There is no provision in our criminal law for 
treating documents as admitted into evidence when they have been neither
offered nor admitted. Both due process and article 1.15 of the Texas Code of
Criminal Procedure require that sufficient evidence be admitted to support a
defendant’s guilty plea.
 

 Talking about the existence of documents and the 
voluntariness of their execution satisfies neither due process nor article 1.15. 
        The evidence is sufficient to support Appellant’s guilty plea in the cases 
before us because the trial court took judicial notice of the Appellant’s judicial 
confessions,
 

 which are, standing alone, sufficient evidence of guilt in felony 
cases in which a defendant waives a jury and pleads guilty to the trial court.
 

 
Because the majority’s reliance on Killion and its progeny unnecessarily muddies
the clear waters in this area of law, I concur only in the result. 
 
 
                                                           LEE ANN DAUPHINOT 
                                                               JUSTICE
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 6, 2003