NO. 07-11-00428-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2012

_____

JULIAN MONTOYA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-428,623; HONORABLE JOHN J. "TREY" MCCLENDON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Julian Montoya, was charged by indictment with the offense of driving while intoxicated[1] enhanced by allegations of two previous driving while intoxicated convictions.[2] Additionally, the indictment contained a punishment enhancement allegation of a previous conviction for a felony offense.[3] Subsequently, appellant entered a plea of guilty to the offense alleged, and true to the allegations of the previous

_____

[1] See TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012).

[2] See TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2012).

[3] See TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2012).

driving while intoxicated convictions and the prior felony conviction. Appellant's pleas were entered without benefit of a plea bargain agreement. After hearing the evidence regarding punishment, the trial court assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for a period of six years. Appellant appeals his conviction contending that there was insufficient evidence before the trial court to sustain his plea of guilty. We disagree and will affirm.

## Factual and Procedural Background

On June 26, 2010, appellant was arrested for the offense of driving while intoxicated. Based upon appellant's previous convictions, a grand jury indicted him for driving while intoxicated, felony offense. On March 22, 2011, appellant appeared with trial counsel to enter a plea of guilty without the benefit of a plea agreement. Prior to accepting appellant's plea of guilty, and after admonishments regarding citizenship and competency to enter a plea, the trial court entered into the following colloquy with appellant:

Mr. Montoya, would you please step forward.

Mr. Montoya, we are here on Cause No. 2010-428,623, the State of Texas versus Julian Montoya, for the purpose of an open plea.

Mr. Montoya, I have certain paperwork here that appears to bear your signatures. In signing this paperwork did you understand that you were giving up certain valuable rights?

Mr. Montoya: Yes, sir.

The Court: And you understand that in—did you sign these papers and give up those rights freely, knowingly and voluntarily?

Mr. Montoya: Yes, sir.

The trial court then went on to further admonish appellant regarding the range of punishment and, once again, verified that appellant desired to enter a plea of guilty without benefit of a plea bargain. After accepting appellant's plea of guilty and pleas of true to the jurisdictional paragraphs and punishment enhancement paragraph, the trial court ordered a presentence investigation and adjourned the hearing.

The clerk's record filed in this case includes a two-page document, both pages of which are titled, "Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession." One of the pages contains the following statement,

> In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that on or about the 26th day of June, A.D. 2010, in Lubbock County, Texas, I, Julian Montoya, hereafter styled the Defendant, did then and there operate a motor vehicle in a public place while intoxicated.

The waiver goes on to describe the jurisdictional enhancements of the prior driving while intoxicated convictions, and the prior felony conviction. The other page of the waiver contains the following statement, "I understand the foregoing allegations and I confess that they are true." In addition, this document again waives certain rights and makes statements regarding being satisfied with his attorney. The box for "GUILTY" is checked, as opposed to the box for "NOLO CONTENDERE." This document then contains the signature of appellant, appellant's trial counsel, and the assistant district attorney. Below those signatures is the trial judge's signature. Above the trial judge's signature is the trial judge's statement that the "document was executed by the defendant, the Defendant's attorney, and the attorney representing the State, and then filed with the papers of the case."

3

It was after receiving the plea in question that the trial court conducted a punishment hearing that resulted in the sentence of confinement for six years in the ID-TDCJ. Appellant now appeals contending that the evidence was insufficient to support the plea of guilty. We disagree with appellant's contention and affirm the judgment of the trial court.

## Article 1.15 Issue

Appellant's issue is that the evidence introduced at his plea of guilty was not sufficient to show appellant's guilt. Article 1.15 of the Texas Code of Criminal Procedure provides that:

## Art. 1.15. Jury In Felony

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX. CODE OF CRIM. PROC. ANN. art. 1.15 (West 2005).[4]

Appellant's contention may be summed up that the record does not show any judicial confession was offered or admitted into evidence and that, if such confession was made, it was on a separate document page that did not contain the signature of appellant or his counsel. Further, the trial court never took judicial notice of appellant's confession.

This Court has previously addressed this same contention. See Gonzalez v. State, Nos. 07-11-0166-CR to 07-11-0169-CR, 2012 Tex. App. LEXIS 3395, at *5-7 (Tex.App.—Amarillo Apr. 30, 2012, no pet.) (mem. op., not designated for publication). In Gonzalez, we held that evidence sufficient to support a plea of guilty could be found in the document styled, "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," wherein the appellant stated he understood the allegations against him and he confessed to the truth of those allegations. Id. at *5. This was true even though the confession was not introduced nor did the trial court take judicial notice of the confession on the record. Id. at *6. The judicial confession need not be introduced into evidence nor does the trial court need to affirmatively take judicial notice of the same. Id. at *6-7 (citing Richardson v. State, 475 S.W.2d 932, 933 (Tex.Crim.App. 1972), and Rexford v. State, 818 S.W.2d 494, 495 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd)). We cited Rexford for the proposition that, for purposes of article 1.15, as long as the document was on file with, and approved by the trial court, the document had been accepted by the trial court and properly utilized as evidence of guilt. Id.

---

[4] Further reference to the Texas Code of Criminal Procedure will be by reference to "article ____."

Today, we are faced with the same contention and the same facts. Appellant executed the same waiver and the waiver contains the required waiver of trial by jury, appearance, confrontation, cross-examination of witnesses, and right against self-incrimination. The document contains appellant's judicial confession that, on the 26th day of June, 2010, appellant did then and there operate a motor vehicle in a public place while intoxicated. The document then contains the jurisdictional allegations of prior driving while intoxicated convictions and the prior felony conviction. On the page containing appellant's signature, appellant states, "I understand the forgoing allegations and I confess that they are true." Below this statement is appellant's signature, trial counsel's signature, and the State's attorney's signature. Finally, the trial court accepted the waiver and judicial confession and ordered the documents filed in the papers of the case. After which, the trial court signed the document.

As can be seen by the forgoing factual recitation, the requirements of article 1.15 have been met. The waivers required by articles 1.13 and 1.14 are present. The evidence was stipulated to, as required by article 1.15, and the documents were approved by the trial court and filed in the papers of the case. There was sufficient evidence adduced at trial to support appellant's plea of guilty. Accordingly, appellant's issue is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.