Jackie Ray FULLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00254–CR.

Court of Appeals of Texas, Texarkana.

Submitted July 6, 2000.

Decided July 7, 2000

Opinion Overruling Rehearing Aug. 1, 2000.

Henry Whitley, Big Sandy, for appellant.

Tim Cone, Upshur County Dist. Atty., Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Chief Justice CORNELIUS.

Jackie Ray Fuller was convicted of aggravated sexual assault of a child. The jury found Fuller guilty, and the trial court assessed punishment and sentenced Fuller to thirty years' imprisonment.

Fuller was originally indicted in 1992. A jury found him incompetent to stand trial. On December 16, 1992, the trial court ordered Fuller confined in the Vernon State Hospital. On February 23, 1993, Dr. Raleigh D. Wood, on behalf of the hospital superintendent, certified in a letter and final report to the trial court that Fuller was then mentally competent to stand trial. No formal action was taken with regard to the certification of competency. On November 4, 1993, Fuller was tried before a jury on the original charge. The jury was unable to reach a unanimous verdict, so the trial court declared a mistrial. Fuller was tried again on December 6, 1993. He was convicted and now appeals that conviction.[1]

Fuller first contends that the trial court erred by proceeding to trial without vacating the incompetency finding made in December 1992 and making a new judicial determination of competency for that trial. In response to this contention, we abated the appeal for a hearing and a determination of competency pursuant to the procedure set out in *Schaffer v. State*, 583 S.W.2d 627 (Tex.Crim.App. [Panel Op.] 1979). *See Fuller v. State*, 11 S.W.3d 393 (Tex.App.-Texarkana 2000) (order of abatement).

Pursuant to our order, the trial court conducted a hearing and found that Fuller's counsel had a copy of the superintendent's certification of competency before the commencement of the first trial. The court further found that Fuller made no objection requesting a jury determination, and thus the court had the authority to consider the matter without a jury. The court then concluded that all of the credible evidence shows that on the date of the second trial, December 6, 1993, Fuller was competent.

Fuller now contends that the hearing held pursuant to our abatement order was improperly conducted and asks us to again abate the case for a hearing before a jury, with live testimony from Dr. Wood. The trial court construed our order as directing him to make a judicial determination, and concluded that Fuller was not entitled to a jury for the hearing because he failed to object to the competency report within the time required by Article 46.02 of the Texas Code of Criminal Procedure. That statute provides in relevant part that:

> When the head of a facility to which the defendant is committed discharges the defendant ... a final report shall be filed with the court documenting the applicable reason for the discharge ... and the court shall furnish copies to the defense counsel and the prosecuting attorney. .... When the report is filed with the court, the court is authorized to make a determination *based solely on the report with regard to the defendant's competency to stand trial, unless the prosecuting attorney or the defense*

---

1. This appeal is under a September 29, 1998 order by the Court of Criminal Appeals granting Fuller an out-of-time appeal pursuant to its grant of his petition for writ of habeas corpus. Thus, his appeal commenced five years after his conviction. In that time period, the trial judge who heard the case died.

*counsel objects in writing or in open court to the findings of the report within 15 days from the time the report is served on the parties. In the event of objection, the issue shall be set for a hearing before the court or, on motion by the defendant, the defense counsel, the prosecuting attorney, or the court, the hearing shall be held before a jury. The hearing shall be held within 30 days following the date of objection unless continued for good cause.*

Tex.Code Crim. Proc. Ann. art. 46.02, § 5(i) (Vernon Supp.2000) (emphasis added).

Fuller contends that the hearing was improperly conducted because the record does not show that the hospital's report or certificate was served on the defense counsel. The record does not show any type of formal service. The statute's requirement that the court shall furnish copies to the prosecutor and the defense counsel is the only provision for any kind of service required in order to trigger the operation of Article 46.02, § 5(i). The statute in that subparagraph provides that defense counsel must object within fifteen days of the time the report is "served" on the parties. The statute does not refer to any of several necessary details that would ordinarily be associated with formal service of process.

■ Because the only method of service provided for by the statute is for the court to furnish copies of the report to defense counsel and the prosecutor, we conclude that "service" as used in Subparagraph 5(i) means furnishing counsel a copy of the report, and that no further formal service is required. *See Schaffer v. State,* 583 S.W.2d at 631.

■ Although Fuller's counsel was ambivalent about when he saw the report, and said he did not specifically remember receiving a copy, he repeatedly testified that he "had to have gotten" a copy because he and the district attorney discussed the report before the first trial began. There was no evidence at the hearing that defense counsel did not receive a copy of the report. The trial court found as a fact that Fuller's counsel did receive a copy of the report. There is sufficient evidence and inferences to support such a finding. Because Fuller's counsel received a copy of the report at least as early as the beginning of the first trial on November 4, 1993, his motion for a hearing before a jury was untimely, and the trial court properly proceeded to adjudicate the question of competency.

Our conclusion in this regard is not based on Fuller's actual notice of the hospital's certification. Rather, our holding is based on the trial court's finding that Fuller's counsel did in fact receive a copy of the certification, a finding that we find is supported by sufficient evidence.

■ Because of the procedural difficulties encountered by counsel and the court in conducting the hearing on abatement, we now address the remaining contentions raised by Fuller in this appeal. Where a prior adjudication for incompetency is shown, as in this case, the State must prove the accused's competency to stand trial in a subsequent proceeding. *Manning v. State,* 730 S.W.2d 744, 748 (Tex. Crim.App.1987). The evidence presented at the hearing held pursuant to our order of abatement consisted of testimony by the defense counsel and the report in which a psychologist with the Vernon State Hospital stated that Fuller was competent to stand trial.

■ Fuller argues that at the hearing he was denied his right to be confronted by and to cross-examine adverse mental health witnesses-specifically, the psychologist who declared him competent. Fuller argues that the State had a duty to provide live testimony by the author of the report so he could cross-examine the witness. Fuller waived these rights when he failed to timely object to the report of competency.

■ Fuller also contends that the court erred by admitting the report over his

hearsay objection. The court did not formally admit the letter into evidence, but took judicial notice of it. Judicial notice was appropriate to show that the document was a part of the court's files, that it was filed with the court on a certain date, and that it was therefore before the trial court at the time of the second trial. *See* Tex.R. Evid. 201. However, both the parties and the court treated the report as though it had been introduced in evidence.[2] Article 46.02, § 5(i) expressly provides that, unless the report is timely objected to, the court is authorized to make a determination of competency based solely on the report. Thus, the court did not err in considering the report.

■ Fuller further contends that the court erred by admitting his testimony from a prior trial when he was, at the time of that prior trial, under the disability of having been adjudged incompetent. The trial court admitted Fuller's prior testimony for the purpose of ascertaining Fuller's mental condition at the time of the prior trial. At the time he testified, he had not been adjudged competent. The question is whether that testimony could be considered in determining whether Fuller was competent at the time of the later trial. We believe it could. In a proceeding such as this, occurring over six years after the underlying trial, it is possible that one of the few available methods of determining the accused's mental condition is by reviewing his ability to respond to questions at the former trial. If the testimony were being considered as proof of guilt, we would probably reach a different result. We conclude, however, that since the testimony was admitted only to assist in determining Fuller's mental competence, there was no error.

For the reasons stated, we affirm the judgment.

## ON REHEARING

Fuller's appointed counsel has filed a motion to reconsider on the ground that our opinion in this cause failed to rule on points of error raised in Fuller's pro se brief. We deem the motion to reconsider to be a motion for rehearing and will consider it as such.

■ Fuller has been represented throughout this cause by counsel. His counsel filed what was titled an *Anders* brief, but it did not meet the requirements of an *Anders* brief, so the Court considered it fully as a brief on the merits. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because this is not a proper *Anders* appeal, Fuller is not entitled to hybrid representation. Nevertheless, we have considered his pro se brief in the interest of justice and rule on it as follows.

Fuller's pro se brief makes three general points: the failure of this Court to "investigate" his appeal; his alleged mental incompetence; and the alleged ineffectiveness of his court-appointed counsel. We overrule these contentions.

Contrary to Fuller's assertions, this Court has thoroughly considered his appeal and have issued our rulings on all points that have been properly raised. The issue of competency has been fully considered and determined, as shown by our previous opinions in this case. As for the alleged ineffective assistance of coun-

**2.** *See Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex.Crim.App.1977) (affirming where court and parties treated governor's warrant in habeas corpus hearing as if admitted into evidence); *Killion v. State*, 503 S.W.2d 765, 765–66 (Tex.Crim.App.1973) (reviewing court permitted to consider defendant's stipulations to charged offenses where considered by trial court in adjudicating guilt for theft and burglary, although written stipulations not formally admitted into evidence); *Richardson v. State*, 475 S.W.2d 932, 932–33 (Tex.Crim.App. 1972) (finding that record showed court admitted exhibits to support adjudication of guilt for burglary even though court did not specifically state that exhibits were admitted into evidence); *Lara v. State*, 962 S.W.2d 148, 151 (Tex.App.-San Antonio 1998, no pet.) (treating stipulations as admitted into evidence because the court considered them).

sel, Fuller has not shown facts in the record that reveal any deficient performance by his counsel. His pro se brief on this issue is inadequate because its allegations are not supported by the record, and indeed are mostly outside the record. These allegations of ineffective assistance can best be raised in an application for habeas corpus.

The motion for rehearing is overruled.