11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Steve Frank Galvan

Appellant

Vs.                   No.
11-01-00201-CR -- Appeal from Jones County

State of Texas

Appellee

 

Steve
Frank Galvan was placed on community supervision for ten years by an AOrder of Deferred Adjudication@ dated September 19, 1996.  After the State filed its motion to
adjudicate, the trial court appointed a disinterested mental health expert to
examine appellant Awith
regard to his competency to stand trial.@  The sanity hearing was held on
January 6, 1999, and the jury found that appellant was not competent to stand
trial; consequently, the trial court entered an order that appellant be Acommitted to and confined at the maximum
security unit of Vernon State Hospital.@  On February 25, 1999, Barry
Mills, M.D., Competency Unit Psychiatrist, filed a report with the trial court
which stated:

After a period of observation and treatment,
the defendant has been evaluated and competency determined.  It is my opinion that the defendant is NOW
MENTALLY COMPETENT to stand trial.

 

The trial
court heard the State=s
motion to adjudicate appellant=s guilt on April 8, 1999. 
Appellant admitted that he had violated the terms of probation, and the
trial court sentenced him to confinement for 40 years.  The Court of Criminal Appeals granted
appellant=s pro se application for writ of habeas
corpus, allowing him to perfect an out-of-time appeal.  This court abated the appeal to permit the
trial court to make a judicial determination of whether appellant was competent
to stand trial on April 8, 1999.  The
trial court has now made that finding, and it is supported by the record.  The judgment of the trial court is affirmed.  

                                                                   Points
of Error








Appellant=s court-appointed lawyer presented two points
of error in his original brief. 
Appellant argued in his first point of error that the trial court abused
its discretion in moving to adjudicate Abefore there was a judicial determination@ that he was competent to stand trial. 
On April 18, 2002, this court abated the appeal and ordered the trial
court to Amake a judicial determination of whether
appellant was competent to stand trial@ on April 8, 1999, when the trial court adjudicated appellant=s guilt and assessed punishment.  That hearing has been held, and the trial
court has furnished this court with a supplemental reporter=s record and a supplemental clerk=s record. 
The appellate record now contains an order from the trial court which is
dated May 30, 2002, and which reads in relevant part as shown:

It is,
therefore, ORDERED, ADJUDGED AND DECREED that Defendant was competent at the
hearing on April 8, 1999, time of sentencing and that the written opinion of
Barry Mills, M.D., Competency Unit Psychiatrist, Vernon State Hospital, was
sufficient to sustain said finding.

 

Appellant=s first point of error is overruled.  

Appellant
argued in his second point of error that the trial court abused its discretion
in granting the motion to adjudicate Abecause there was no evidence@ that he was competent to stand trial. 
This point of error is overruled because the report from Dr. Mills was
sufficient to sustain that finding.  See
TEX. CODE CRIM. PRO. ANN. art. 46.02, ' 5(i) (Vernon Pamph. Supp. 2002) which provides in pertinent part:

When the
head of a facility to which the defendant is committed discharges the defendant
and the defendant is returned to court, a final report shall be filed with the
court...and the court shall furnish copies to the defense counsel and the
prosecuting attorney....When the report is filed with the court, the court
is authorized to make a determination based solely on the report with regard to
the defendant=s
competency to stand trial, unless the prosecuting attorney or the defense
counsel objects in writing or in open court to the findings of the report
within 15 days from the time the report is served on the parties.  In
the event of objection, the issue shall be set for a hearing before the court
or, on motion by the defendant, the defense counsel, the prosecuting attorney,
or the court, the hearing shall be held before a jury.  (Emphasis added)

 

                                                        Supplemental
Points of Error








Appellant
presents three additional points of error in the supplemental brief which he
filed after the trial court=s order dated May 30, 2002.  In those
points, he argues that the trial court erred (1) in adjudicating appellant=s guilt Aover timely objection@ to the medical report; (2) in overruling his Atimely motion for a jury determination@ of his competency; and (3) in overruling his
Atimely request for an independent
psychological examination.@  

There is
no showing that appellant=s original lawyer did not receive his copy of the medical report when
it was sent to the District Judge on February 25, 1999.  A copy of this report was filed with the District
Clerk on March 1, 1999, and it shows that the original was sent to the District
Judge with copies to the District Attorney, the Defense Attorney, the District
Clerk, the Sheriff, and the Court Coordinator. 
The testimony from the adjudication hearing on April 8, 1999, does not
show any claim by appellant=s attorney that he did not receive his copy of that letter.   That attorney did not testify at the
hearing on May 30, 2002; consequently, there is no showing that appellant made
a Atimely objection@ to the medical report, no showing that
appellant made a Atimely
motion@ for a jury determination of competency, and
no showing that appellant made a Atimely request@ for
an independent psychological examination. 
The record before us supports the trial court=s ruling. 
See Fuller v. State, 30 S.W.3d 441, 444 (Tex.App. - Texarkana 2000, pet=n ref=d).  The three supplemental
points of error are overruled.

                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

October 31, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.