In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00082-CR


______________________________




COREY TYWAN WILSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 17269




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION


 Pursuant to a plea agreement dated February 8, 1999, Corey Tywan Wilson was
convicted of injury to a child and placed on community supervision for a period of six years. 
Thereafter, the State moved to have Wilson's community supervision revoked. The trial
court heard evidence and argument on the State's motion and, on November 20, 2002,
found the allegations contained in the State's motion to be true, revoked Wilson's
community supervision, and sentenced him to six years' imprisonment. Wilson filed his
notice of appeal December 20, 2002. On May 7, 2003, and at Wilson's request, the trial
court appointed co-counsel to represent Wilson on appeal. 

 Wilson has now filed with this Court a signed, pro se motion to dismiss his appeal. 
Rule 42.2 of the Texas Rules of Appellate Procedure allows a party to voluntarily dismiss
its appeal by filing a written withdrawal with the appellate court. Tex. R. App. P. 42.2(a). 
If the movant is the appellant, the appellant must personally sign the written withdrawal. 
Id. The motion, however, is not signed by Wilson's appellate counsel.

 Wilson's pro se motion raises the issue of dismissal independently from his
appointed counsel's arguments and motions to this Court. When an appellant, acting
independently of his or her appointed counsel, attempts to raise an issue before an
appellate court, the court should not consider that matter unless it allows the appellant to
proceed with "hybrid representation." See generally Ex parte Taylor, 36 S.W.3d 883, 887
(Tex. Crim. App. 2001). Hybrid representation occurs when both an appellant and his or
her counsel present independent points to an appellate court. Id. Except under the
circumstances presented in Anders v. California, 386 U.S. 738 (1967), an appellant is not
entitled to hybrid representation in Texas. Taylor, 36 S.W.3d at 887 (prohibition against
hybrid representation extended to state's appellate filings); Reeves v. State, 46 S.W.3d
397, 399-401 (Tex. App.-Texarkana 2001, pet. dism'd) (appellant has no right to hybrid
representation); Fuller v. State, 30 S.W.3d 441, 445 (Tex. App.-Texarkana 2000, pet. ref'd)
(op. on reh'g) (criticizing filing of pro se brief as prohibited hybrid representation, but
addressing issues raised therein in interest of justice).

 Given the prohibition against hybrid representation, we asked the clerk of this Court
to contact Wilson's appellate counsel to determine whether he joins or opposes Wilson's
motion to dismiss. Counsel informed this Court, in writing, that he does not object to
Wilson's motion. Accordingly, we grant Wilson's motion.

 We dismiss the appeal.


 Donald R. Ross

 Justice




Date Submitted: July 9, 2003

Date Decided: July 10, 2003


Do Not Publish