

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00174-CR

THOMAS ROBERT HUGHLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-14-24915

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In mid-2014, before the trial court placed Thomas Robert Hughley on deferred adjudication community supervision on a charge of assault in a family violence situation causing bodily injury, the court conducted a detailed, on-the-record dialogue with Hughley and his attorney during which Hughley admitted to having committed the crime. In the next year, Hughley's guilt was adjudicated for alleged violations of the terms of his community supervision.

Hughley appeals the adjudication and the resulting ten-year sentence, maintaining that the trial court lacked jurisdiction to find him guilty of third degree family violence assault because there was insufficient evidence to support his original plea. Because (1) the trial court had jurisdiction to adjudicate Hughley's guilt and (2) sufficient evidence supports Hughley's original plea of guilt, we affirm the trial court's judgment.

In the original indictment against him, Hughley was charged with assaulting his then-girlfriend, Victoria Wall. A person commits a Class A misdemeanor assault if he or she "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2015). Under Section 22.01(b), the offense becomes a third degree felony, if it is committed against

> (2)    a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if:
>
> (A)    it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter . . . ; or

   (B)  the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth.

TEX. PENAL CODE ANN. § 22.01(b)(2) (West Supp. 2015).

In July 2014, pursuant to a plea agreement, Hughley entered his guilty plea to what was a third degree charge of family violence assault, given that he had a prior conviction.[1] The trial court withheld a finding of guilt and placed Hughley on six years' deferred adjudication community supervision. The trial court also imposed conditions on Hughley's community supervision, including that he abstain from the use of alcoholic beverages and that he commit no additional criminal offense. Less than a year later, Hughley's community supervision officer filed a community supervision violation report with the trial court alleging that Hughley had violated his terms of community supervision. The report stated that Hughley had committed another assault, this time with a deadly weapon. The State filed a motion to revoke Hughley's community supervision alleging that Hughley had assaulted his then girlfriend, Jessika Sunshine. The State also filed an amended motion maintaining that Hughley had violated his community supervision in a number of other ways, including failing to pay his community supervision fees and possessing alcohol.

The trial court heard the State's amended motion to revoke Hughley's community supervision, and Hughley pled not true to the allegations set out in the State's motion. In support of its amended motion, the State presented Pattie Andrews, from the Fannin County Community

---

[1] Here, the indictment against Hughley alleged a second degree charge of family violence assault by impeding breathing and circulation, also with a prior conviction. *See* TEX. PENAL CODE ANN. § 22.01(b–1) (West Supp. 2015). At the plea hearing, the State announced it had abandoned the allegation that Hughley impeded Wall's breathing in exchange for Hughley's guilty plea to the lesser-included charge of third degree family violence assault.

Supervision and Corrections Department, who testified that Hughley had failed to timely pay all of his community supervision fees. The State also presented Sunshine, who testified that, while she and Hughley were dating, he grabbed her, threw her to the floor, hit her, choked her, and threw an object at her that caused her to have "a hole in [her] forehead," which required stitches. The trial court found the allegations in the State's amended motion to revoke to be true. After receiving punishment evidence, the trial court sentenced Hughley to ten years in prison, assessed a $1,000.00 fine, and ordered him to pay $319.00 in court costs.

*(1)    The Trial Court Had Jurisdiction to Adjudicate Hughley's Guilt*

In a single, multifarious point of error, Hughley couches his argument on appeal as an issue of subject-matter jurisdiction, questioning whether the trial court had jurisdiction to find him guilty. We conclude that the trial court did have jurisdiction.

"Subject-matter jurisdiction depends not only on the grant of authority to the trial court in the Constitution and the statutes, but also on its being invoked for the particular case before the court by the State's pleadings." *Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009). "So subject-matter jurisdiction requires both a general grant of authority to the trial court *and* a charging instrument that invokes that jurisdiction in a particular case." *Id*. An indictment or information is essential to a district court's subject-matter jurisdiction. *Id.* at 261.

Here, Hughley was charged in the State's indictment with a second degree felony, assault/family violence. The indictment specifically alleged that, on or about January 23, 2014, in Fannin County, Texas, Hughley "then and there intentionally, knowingly, or recklessly cause[d] bodily injury to Victoria Wall," who was a member of his family or household or a person with

4

whom he had a dating relationship. The indictment recites that Hughley pushed Wall to the ground and then impeded her normal breathing or circulation of her blood by applying pressure to her throat. Further, the indictment states that, before the alleged offense, Hughley had been previously convicted of another offense of family violence assault.

The State filed with the trial court an indictment, which is not challenged in any respect by Hughley. Thus, the trial court had subject-matter jurisdiction to find Hughley guilty of a second degree felony assault or the lesser-included offense of a third degree felony assault. We overrule Hughley's issue regarding jurisdiction.

*(2)*     *Evidence Supports Hughley's Original Plea of Guilt*

In the latter part of his point of error, Hughley maintains that the evidence was insufficient for the trial court to find him guilty. This issue must fail.

A defendant who has been placed on deferred adjudication community supervision may raise issues related to the original plea proceedings, such as evidentiary sufficiency, only in appeals taken when his or her deferred adjudication community supervision was first imposed. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). The only exception that might be applicable here is the "void judgment rule."[2] *See Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

> A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e., indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged . . . , (3) the record reflects that there is no

---

[2]The other exception relates to applications for writ of habeas corpus, not applicable here.

> evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright.* While we hesitate to call this an exclusive list, it is very nearly so.

*Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (citations omitted). A final judgment of conviction is void "only in very rare situations." *Id*. at 668.

We have already held that the trial court had subject-matter jurisdiction; therefore, the only remaining issue is whether Hughley's judgment is void because "the record reflects that there is no evidence to support the conviction."[3] *See id*. Hughley attacks only the evidence in support of his original plea. We find that evidence supports it.

Hughley points out that, although there was a plea agreement containing a stipulation of evidence, a judicial confession, and a waiver of jury trial, none of these documents were offered or entered into evidence. Likewise, the existence of his prior conviction for family violence assault was never admitted as evidence against him. Hughley maintains there was no evidence that he ever entered into a plea agreement with the State or that he pled guilty pursuant to a plea agreement.

Here, the parties agree that the State abandoned the allegation in its indictment that Hughley impeded Wall's breathing or her blood circulation. Thus, the State was not required to prove that allegation. It did, however, proceed to prosecute Hughley for second degree felony family violence assault and was, therefore, required to provide evidence that Hughley committed the offense of family violence assault as stated in the indictment and that he had been convicted of a prior offense of family violence assault.

---

[3]Hughley does not contend that he is indigent, that there was a defect in the indictment, or that he was not provided trial counsel.

Hughley entered a guilty plea in the trial court. A defendant's plea of guilty is an admission of guilt of the charged offense, but it does not authorize a conviction in a bench trial unless there is evidence offered to support the guilty plea and the judgment to be entered by the trial court. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Rexford v. State*, 818 S.W.2d 494, 495 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd). A plea agreement is usually admitted into evidence during the plea hearing; the fact that it was not, however, does not always result in error requiring reversal. *Id.*

In this case, Hughley signed a document entitled "Plea Agreement," and under the heading "Defendant's Waiver of Rights and Judicial Confession," it stated that Hughley "**JUDICIALLY CONFESSES** and admits to committing the offense of **ASSAULT FAMILY/HOUSEHOLD MEMBER W/PREV CONV** exactly as charged in the charging instrument or as a lesser included offense charged in (Count _____ of) the charging instrument." The document further states that Hughley "judicially confesses that he/she is the same person who was previously duly and legally convicted of the offenses(s) [sic] alleged therein."

Although the documents in question were not entered into evidence, they were filed and approved as evidenced by the trial court's findings that Hughley knowingly stipulated and agreed to the facts contained in the "Defendant's Waiver of Rights and Judicial Confession" and that they were true and correct. During the plea proceeding, the trial court questioned Hughley:

> THE COURT: All right. To the lesser-included charge [of assault causing bodily injury, family violence, with a prior conviction], how do you plead, guilty or not guilty?
>
> [Appellant]: Guilty.

7

. . . .

   THE COURT: -- . . . . So, are you pleading guilty, then, because you committed this crime and for no other reason?

   [Appellant]: Yes.

The trial court asked the State's attorney what the evidence would have been if Hughley had opted to present his case to a jury:

> Judge, on the date alleged in the indictment, the defendant and his then-girlfriend Victoria Wall got into an argument over her use of Facebook. The argument became heated. He grabbed her by the throat and pushed her down, impeding her breath. She was able to escape. . . .
>
> . . . Oh, and Mr. Hughley has denied strangling Ms. Wall, but he did admit that he pushed her to the ground causing her pain, and he has a prior conviction for family violence.

At that point, the trial court asked Hughley's counsel if he would like to add anything to the State's recitation of the facts, to which counsel responded, "No, Your Honor. He admits that he pushed her down. He denies that he impeded her breath."

The trial court indicated that it approved and accepted the plea document and ordered that the papers be filed by the clerk of the trial court. *See Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex. Crim. App. 1977) (where warrant was neither formally introduced nor admitted into evidence, but was treated by court and parties as if admitted, record supported extradition order); *Killion v. State*, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973) (stipulations in which defendant acknowledged guilt could be considered in support of judgment although they were never formally introduced or read into evidence); *Richardson v. State*, 475 S.W.2d 932, 933 (Tex. Crim. App. 1972); *Fuller v. State*, 30 S.W.3d 441, 445 n.2 (Tex. App.—Texarkana 2000, pet. ref'd) (although trial judge did not

8

formally admit letter into evidence, he took judicial notice of it and therefore appellate court would treat it as an admitted exhibit); *Lara v. State*, 962 S.W.2d 148, 151 (Tex. App.—San Antonio 1998, no pet.) (treating stipulations as admitted into evidence). When a trial court and the other parties, without objection, treat certain proof as if it had been admitted in evidence, it is not error for the trial court to consider the same in reaching a verdict. *See Reagan*, 549 S.W.2d at 205.

Here, for the State to prove that Hughley was guilty of second degree family violence assault (a lesser-included offense of the charge alleged in the indictment against Hughley), the State was required to establish that (1) Hughley "intentionally, knowingly, or recklessly cause[d] bodily injury" to Wall, (2) Hughley was in a dating relationship with Wall at the time of the assault, and (3) he had a prior conviction for family violence assault. *See* TEX. PENAL CODE ANN. § 22.01(b). At the plea hearing, Hughley stipulated, through his attorney, that the State's recitation of the facts was correct. Both the State and Hughley's attorney reiterated to the trial court that Hughley was not admitting to impeding Wall's breath, only that he pushed her down and caused her bodily injury. Likewise, it is clear from a review of the plea hearing transcript that Wall and Hughley were in a dating relationship at the time of the assault and that Wall had a prior conviction for family violence assault. Moreover, Hughley testified that he understood the charge contained in the indictment, that he was pleading to a lesser-included offense, and that he was admitting to the facts as alleged by the State and to the prior conviction only because they were true. At no time during the plea hearing did Hughley object to the State's accusations, except to clarify that he was pleading to a third degree felony and not a second degree felony, to which the State agreed.

9

Based on the foregoing, we find that Hughley's responses to the trial court's questions, taken with the judicial confession and written plea of guilt, all of which were filed in the clerk's record, were sufficient to support the trial court's finding that Hughley was guilty of the third degree felony and to enter its judgment of conviction accordingly. Since the original finding of guilt has evidence to support it, the original judgment is not void, and Hughley's attack on it is too late. *See Nix*, 65 S.W.3d at 668.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted: April 28, 2016
Date Decided: July 8, 2016

Do Not Publish