

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00064-CR

KEITH DAMEON TEEL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 15-0330X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Keith Dameon Teel was convicted by a jury of aggravated sexual assault of a child younger than fourteen and was sentenced to life imprisonment. On appeal, Teel questions whether the trial court erred in proceeding to trial without finding him competent to stand trial. Because the record indicates that the trial court made the required finding, we conclude that Teel's sole argument on appeal is meritless. Accordingly, we affirm the trial court's judgment.

On February 26, 2016, the trial court found that Teel was not competent to stand trial. Pursuant to the trial court's order, Teel was sent to a competency restoration program at Terrell State Hospital. Article 46B.079 of the Texas Code of Criminal Procedure requires the head of the facility in which a defendant is engaged in a competency restoration program to "promptly notify the court when" he "believes that . . . the defendant has attained competency to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.079(b)(2) (West 2018). The trial court received such a notice on July 15, 2016, after a competency evaluation was conducted by Dr. John Hellerstedt, who was also the medical director of the Terrell State Hospital.

In his report, Hellerstedt informed the trial court that Teel was treated with "antipsychotic, mood stabilizing and antidepressant medication," but that those medications were discontinued because "it was determined that he was faking psychiatric symptoms." Hellerstedt and his colleague, Dr. Mitchell Dunn, both concluded that Teel was, in fact, competent to stand trial. The docket sheet recited that the trial court denied Teel's motion suggesting incompetence on September 22, 2016.

2

On November 9, 2016, the trial court ordered another competency evaluation after Teel's counsel filed a second motion suggesting incompetence. On November 20, 2016, psychologist Thomas G. Allen examined Teel and found him to be competent to stand trial.[1] The docket sheet reflects that the parties cancelled a previously scheduled competency trial, which had been set for December 19, 2016, and that criminal proceedings against Teel resumed at that time.

Teel's trial began on March 5, 2018. After the jury returned a verdict of guilt, the following discussion ensued:

> [BY THE STATE]: . . . . There is a report that came back that we received several, several months before trial. I want to say it is in the file, Judge, as to how old or, excuse me, how long we have had that report that he is now competent.
> We just need a finding on the record, of course, based on that report that Mr. Teel was competent when he was returned to Harrison County and that he is still competent and was certainly competent to stand trial on the day that we did jury selection and certainly when he entered his plea of not guilty.
>
> THE COURT: . . . I have reviewed the report and I reviewed it during the trial.
>
> MR. DANSBY [(Defense Counsel)]: Yes. I would just ask the Court to take judicial notice of that. The Court is aware of the, I guess, procedures that we dealt with that. I do know and I am going off the top of my head so I apologize. I know we had a finding by Dr. Allen and he was sent to the hospital. I believe the hospital returned a finding that he was competent. I then met with my client again and had the same issue that I had before. Filed another motion suggesting incompetency. The Court set a hearing on that and the Court denied a further evaluation for incompetency.
> I cannot remember the exact date off the top of my head. I do know that after the Court's denial of that I did inform my client of that and I can state without breaking privilege or anything he has aided and assisted me and the Court can take notice of whatever the Court has seen today during the trial.

---

[1] A copy of the report was mailed to Teel's counsel on November 20, 2016, but the report was not filed until March 7, 2017, approximately one year prior to trial.

3

THE COURT: I have noticed it has been obvious that Mr. Teel has been sending questions to you to ask information. I have seen him write several notes and you have responded to those by asking questions after they have been handed to you.

MR. DANSBY: That is correct.

THE COURT: So he has been cooperating in the defense of his case and seems to be able to communicate with you.

The Court will take judicial notice of the file as well as a report filed in this matter, which I believe is -- the letter is dated July 5, 2016.

[BY THE STATE]: Judge, I was not present for that second hearing so the Court may have made a finding in that hearing.

THE COURT: I thought I made a finding that he was competent at that time.

[BY THE STATE]: That is very possible, Judge.

MR. DANSBY: You may have. I can't remember. I know that you denied my request for a second evaluation based on the information that all were presented from the State Hospital. I think we actually -- I may be getting confused as to what we had testimony on. I may be thinking of another person.

[BY THE STATE]: Judge, the only reason that I am asking this is that I think it needs to be very clear for the record as it is written that according to and obvious to the State that we believe that he is competent based on that report and he was competent when we received that report, but certainly I believe is important for the Court to ask question [sic] of Mr. Dansby.

Mr. Dansby when y'all -- when we selected the jury in this case and you plead not guilty, did you believe your client was competent at that time.

THE COURT: Mr. Dansby, at the time your client entered his plea of not guilty do you believe he was competent?

MR. DANSBY: Your Honor, if I believed he was incompetent I would not have allowed him to do it. If that answers your question.

4

> THE COURT:  The Court will find Mr. Teel has been competent during the trial and he was competent at the time that he entered his plea of not guilty.
>
> In this matter for the record I think the report indicates -- I mean, I think the report speaks for itself.
>
> MR. DANSBY:  The report speaks for itself.

Although there is no reporter's record from the September 22 hearing and no further information on the "Agreed Resolution" from the cancellation of the December 19 jury trial on competence, the trial court believed that it had made a finding that Teel was competent to stand trial at that time. The trial court's judgment also states that it found Teel competent to stand trial.

After a defendant has been found incompetent, "the court shall make a determination with regard to the defendant's competency to stand trial" following his return to court.  TEX. CODE CRIM. PROC. ANN. art. 46B.084(a-1)(1) (West 2018).  "The court may make the determination based only on the most recent report that is filed under Article 46B.079(c) and based on notice under that article."  *Id.*  Once provided with the Article 46B.079 report, "[a] party may object . . . to the findings . . . not later than the 15th day after the date on which the court received the applicable notice."  *Id.*  Here, it is undisputed that no one objected to Hellerstedt's report.  Further, Allen also found Teel competent to stand trial, and the record indicated that Teel's counsel agreed with that finding.

On appeal, Teel does not challenge the finding that he was competent to stand trial.  Rather, he argues merely that the trial court erred in proceeding to trial without first finding that he was competent to stand trial.  Yet, the trial court indicated that it found Teel competent to stand trial after receiving Hellerstedt's report.  In this case, the docket sheet entry, reporter's record, and judgment contain evidence that the trial court found Teel competent to stand trial in a timely

5

manner.  *See Cooper v. State*, 333 S.W.3d 859 (Tex. App.—Fort Worth 2010, pet. ref'd).  We overrule Teel's point of error because it is meritless.[2]

We affirm the trial court's judgment.


                                        Bailey C. Moseley
                                        Justice

Date Submitted:    October 29, 2018
Date Decided:     October 30, 2018

Do Not Publish

---

[2]Moreover, although Teel has prayed that the judgment be reversed, abatement is the proper remedy where there is no evidence that the trial court made a finding of competence to stand trial in a timely manner.  *Fuller v. State*, 30 S.W.3d 441, 443 (Tex. App.—Texarkana 2000, pet. ref'd) (citing *Schaffer v. State*, 583 S.W.2d 627 (Tex. Crim. App. [Panel Op.] 1979)).